PER CURIAM.
Appellant-plaintiff, Lawrence Ryan, appeals summary final judgment entered in favor of appellee, Mazda Corporation, in an action to recover damages for personal injuries. We reverse.
Appellant-Ryan was the owner of a 1973 automobile manufactured by Mazda Corporation. On March 20, 1974, Ryan was severely injured as a result of a one-car accident when the car he was driving, without warning flipped over several times. Subsequent investigation of the accident revealed the existence of a large hole in the side wall of the left front tire on the automobile. The tire was manufactured by third-party defendant, Semperit Aktiangesellschaft, and had been recently mounted on Ryan’s automobile by defendant, Dinsmore Tire Center, Inc. The tire was not original equipment on the automobile. Neither the manufacturer, the distributor, nor the importer, Beck-Arnley Corporation, of the tire are parties to the instant appeal.
The post-accident investigation revealed that a tie rod stud on the Mazda automobile had failed. In his amended complaint, Ryan sought recovery from Mazda based upon an allegation of defective design and/or manufacture of the tie rod stud in particular, and of the automobile in general. Ryan obtained the services of an expert witness who examined the material parts of the automobile. At deposition, Ryan’s expert witness testified that in his opinion there was no evidence of any defect in manufacture of the tie rod stud.
Subsequently, Mazda moved for summary judgment which, after hearing was grant *24 ed, and summary final judgment entered in favor of Mazda. This appeal then followed.
Summary judgment may properly be granted only where the moving party has successfully met his burden of proving the absence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966). In considering a motion for summary judgment, the evidence and all permissible inferences drawn therefrom must be cast in a light most favorable to the non-moving party. Holl v. Talcott, supra.
In the instant case, appellant has through his pleadings raised issues as to the design of the tie rod stud and of the automobile that have not been negated. Accordingly, the summary final judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
ALDERMAN, C. J., and CROSS and MOORE, JJ., concur.